## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HUBERT FENTON,** | : | |
| **Petitioner,** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **WILLIAM H. RYAN, JR., et al.,** | : | **No. 11-2303** |
| **Respondents.** | : | |

### <u>MEMORANDUM</u>

**Schiller, J.**                                                                                      **August 11, 2011**

Hubert Fenton seeks reconsideration of this Court's Order dismissing his habeas petition for lack of jurisdiction.  Fenton argues that the Court erred in rejecting his assertion that certain collateral consequences of his state felony conviction constitute "custody" sufficient to trigger habeas jurisdiction.  In the alternative, he requests a certificate of appealability.  The Court will deny Fenton's motion for the reasons stated below.

## I.      BACKGROUND

Fenton was born in Jamaica and is a permanent resident of the United States.  (Habeas Pet. 2.)  He pled guilty to a drug offense in state court on February 21, 2003, and subsequently served a sentence of one year and eleven months in prison.  (*Id*.)  His counsel allegedly failed to inform him of the collateral consequences his guilty plea might have on his immigration status.  (*Id*. at 2-3.)

On March 31, 2011, Fenton petitioned the Court for habeas relief.  Conceding that he was "not currently serving the state sentence in question" when he filed his habeas claim, Fenton claimed to be in custody for habeas purposes because his conviction: (1) rendered him subject to deportation; (2) prevented him from applying for U.S. citizenship; and (3) influenced him not to travel abroad

for fear that he might be denied entry upon his return.  (*Id*. at 4.)  He raises an ineffective assistance of counsel claim based on *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010).

The Court dismissed Fenton's petition for lack of jurisdiction on April 15, 2011, holding that Fenton was not in custody and thus could not seek habeas relief on the sentence he served.  Fenton filed the instant motion for reconsideration on May 13, 2011.

## II.     STANDARD OF REVIEW

### A.     Motion for Reconsideration

To prevail on a motion for reconsideration, a movant must show: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice.  *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995); *Linarez-Delgado v. United States*, Civ. A. No. 09-3753, 2011 WL 3204516, at *1 (D.N.J. July 27, 2011).  Courts grant such motions sparingly.  *Cont'l Cas. Co. v. Diversified Indus., Inc.*, 844 F. Supp. 937, 943 (E.D. Pa. 1995).

### B.     Certificate of Appealability

The Court may issue a certificate of appealability ("COA") only if the petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, a COA should issue when the petitioner shows that reasonable jurists would find it debatable both that the petition states a valid claim for denial of a constitutional right and that the district court was correct in its procedural ruling.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Ayres v. Cameron*, Civ. A. No. 11-499, 2011 WL 3273063, at *4 (M.D. Pa. July 29, 2011).

2

## III.    DISCUSSION

### A.    Motion for Reconsideration

A petitioner is only entitled to habeas review if he is in custody and seeks to challenge the legality of that custody under the Constitution, laws or treaties of the United States.  28 U.S.C. § 2241(c)(3); *see Palmer v. Ricci*, Civ. A. No. 11-3376, 2011 WL 2937361, at *3 (D.N.J. July 18, 2011).  Fenton argues that the "immigration consequences of criminal convictions are almost impossible to differentiate from the criminal consequences thereof" and asserts that those consequences constitute "custody" for habeas purposes.  (Petitioner's Mot. 5.)  Fenton concedes that he is no longer imprisoned, on probation, or on parole as a result of his state sentence.  (*Id*. at 2.)

Fenton is not in custody.  To obtain habeas relief, a petitioner must be in custody pursuant to the conviction he seeks to challenge.  *See, e.g.*, *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (per curiam).  Courts in this Circuit have rejected habeas petitions for failure to satisfy the custody requirement where the non-citizen petitioner is undergoing removal proceedings.  *See, e.g.*, *Maphorisa v. Dist. Dir.*, *ICE*, Civ. A. No. 09-298, 2010 WL 598451, at *2 (M.D. Pa. Feb. 17, 2010) (citing *Sanchez v. Att'y Gen.*, 146 F. App'x 547, 549 (3d Cir. 2005)).  The possibility that Fenton may be subject to removal in the future thus does not constitute custody.

*Padilla* does not impact this analysis; a number of district courts have concluded that the *Padilla* decision did not expand the custody requirement to encompass a conviction's immigration consequences.  *See United States v. Krboyan*, Civ. A. No. 10-2016, 2010 WL 5477692, at *6-7 (E.D. Cal. Dec. 30, 2010); *Walker v. Holder*, Civ. A. No. 10-802, 2010 WL 2105584, at *1 (D. Mass. May 24, 2010) (rejecting *Padilla*-based habeas petition where petitioner had served a state criminal sentence and was in custody as an immigration detainee); *see also Merlan v. Holder*, 10-3648, 2011

WL 1376778, at *2-3 (S.D. Tex. Apr. 12, 2011) (holding that the court lacked subject matter jurisdiction over a petition brought by a petitioner who had been removed from the United States). As Fenton has served the sentence he seeks to challenge, the Court cannot entertain his habeas petition. The Court will therefore deny Fenton's motion for reconsideration.

**B.     Certificate of Appealability**

As discussed above, courts across the country have concluded that removal proceedings and removal itself — much less the possibility of removal proceedings — do not constitute custody for habeas purposes. Reasonable jurists thus could not find the Court's denial of habeas relief debatable. The Court therefore declines to grant Fenton a COA.

**IV.     CONCLUSION**

Fenton has failed to demonstrate that he is entitled to reconsideration or a COA. The Court will therefore deny his motion. An Order consistent with this Memorandum will be docketed separately.

4